**STATE of Utah, Plaintiff and Respondent,**

v.

**Patrick Dean COANDO, Defendant and Petitioner.**

**No. 900019.**

Supreme Court of Utah.

July 17, 1992.

Remittitur Stayed Aug. 18, 1992.

R. Paul Van Dam, Sandra L. Sjogren, Salt Lake City, for plaintiff and respondent.

Dixon Hindley, Salt Lake City, for defendant and petitioner.

DURHAM, Justice:

The Eighth District Court in Duchesne County, Utah, convicted defendant Patrick

Dean Coando of issuing a total of $354.26 in bad checks, a third degree felony, in violation of Utah Code Ann. § 76-6-505 (1990). Defendant appealed the conviction to the Utah Court of Appeals, arguing that the trial court lacked jurisdiction because he is an Indian and because Roosevelt, Utah, where defendant issued most of the checks, is in Indian country, on the Uintah-Ouray Indian Reservation. Federal law provides for exclusive federal jurisdiction over a defendant who is an American Indian and who commits a criminal offense in Indian country.[1] 18 U.S.C. §§ 1152, 1153 (1988). The court of appeals affirmed defendant's conviction holding that under Utah's bad check statute, the bank's act of refusing payment was an essential element of the crime and that because this act occurred at the drawee bank in Vernal, Utah, a location undisputedly not on reservation land, the State properly asserted jurisdiction under Utah Code Ann. § 76-1-201 (1990). We issued a writ of certiorari to the Utah Court of Appeals to determine whether that court correctly upheld the State's exercise of jurisdiction.

For purposes of criminal jurisdiction, our decision today in *State v. Perank,* 858 P.2d 927 (Utah 1992), establishes that Roosevelt, Utah, is not in Indian country. *See id.* at 934 n. 10. In *Perank,* we held that 1902 and 1905 congressional acts diminished the original Uintah Indian Reservation boundaries and that subsequent homesteading and settlement therefore occurred on lands restored to the public domain. *See id.* at 934, 941-946. The community of Roosevelt, Utah, where defendant issued all but $70 of the checks involved in this prosecution, is therefore not in Indian country. *See id.* at 934 n. 10. Thus, all of the Roosevelt checks may form the basis of state court jurisdiction, regardless of defendant's personal Indian status and regardless of whether the Vernal bank's refusal of the checks suffices to create state court jurisdiction. We therefore affirm defendant's conviction on grounds other than those upon which the court of appeals relied.

Affirmed.

HALL, C.J., HOWE, Associate C.J., and STEWART, J., concur.

ZIMMERMAN, J., dissents.

[redacted]

1. There are certain exceptions to this general grant of jurisdiction. These exceptions, however, are not relevant to the disposition of this case.