**ROOSEVELT CITY, Plaintiff and Appellee,**

v.

**Roger Roman GARDNER, Defendant and Appellant.**

No. 910532-CA.

Court of Appeals of Utah.

Nov. 9, 1992.

Joel D. Berrett, Roosevelt, for defendant and appellant.

Craig Bunnell, Roosevelt, for plaintiff and appellee.

Before BILLINGS, GREENWOOD and ORME, JJ.

OPINION

BILLINGS, Associate Presiding Judge:

Defendant Roger Roman Gardner pleaded guilty in Eighth Circuit Court to criminal mischief, a class B misdemeanor, in violation of Utah Code Ann. § 76-6-106 (Supp.1992), and unlawful possession and consumption of alcohol, a class B misdemeanor, in violation of Utah Code Ann. § 32A-12-209 (Supp.1992), following the trial court's denial of defendant's motion to dismiss on jurisdictional grounds. Defendant appeals, claiming the trial court lacked jurisdiction because he is an Indian and because Roosevelt, Utah, where the crimes took place, is in Indian country. We affirm.

Federal law provides for exclusive federal jurisdiction over Indians who commit crimes in Indian country, with some exceptions. *See* 18 U.S.C. §§ 1152-1153 (1988); *State v. Perank*, 858 P.2d 927 (Utah 1992). Defendant's jurisdictional challenge thus presents two issues: (1) whether defendant is an Indian,[1] and (2) whether Roosevelt, Utah is in Indian country.

The Utah Supreme Court recently held that a 1902 congressional act, as amended by 1903, 1904 and 1905 acts, restored the unallotted, unreserved lands of the Uintah–Ouray Indian Reservation to the public domain, diminishing the reservation boundaries. *See Perank*, at 941. In so doing, the supreme court disagreed with the decision of the United States Court of Appeals for the Tenth Circuit in *Ute Indian Tribe v. Utah*, 773 F.2d 1087 (10th Cir.1985) (en banc), *cert. denied*, 479 U.S. 994, 107 S.Ct. 596, 93 L.Ed.2d 596 (1986). *See Perank*, at 953 (Zimmerman, J., dissenting).[2]

The supreme court's decision in *Perank* held that Myton, Utah lies outside the boundaries of the reservation and is not within Indian country. *See id.* at 934. In

---

1. We do not address whether defendant is an Indian for purposes of federal jurisdiction because we conclude defendant did not commit the crimes in Indian country.

2. We note that the issue we decide today is currently the subject of injunctive proceedings

in the United States District Court for the District of Utah and a petition for certiorari in the United States Supreme Court. *See* Minute Entry in *State v. Perank*, No. 860243 (Utah August 4, 1992).

*State v. Coando,* 858 P.2d 926 (Utah 1992), decided the same day as *Perank,* the supreme court stated that, under the reasoning of *Perank,* Roosevelt, Utah also lies outside Indian country. *See Coando* at 927.

Thus, because defendant committed the crimes in Roosevelt, Utah, which is not in Indian country under controlling Utah law, the circuit court had subject matter jurisdiction. We, therefore, affirm defendant's convictions.

GREENWOOD and ORME, JJ., concur.